UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JONATHAN TORRES, <br><br> Plaintiff, <br><br> v. <br><br> AMSHER COLLECTIONS SERVICES INC., <br><br> Defendant. | Case No. 5:21-cv-00778 |

**NOW COMES** Jonathan Torres ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of AmSher Collection Services Inc., ("Defendant") as follows:

## NATURE OF THE ACTION

1.   Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*., the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

## JURISDICTION AND VENUE

2.   Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. §1367.

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, Defendant conducts business in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Corpus Christi, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

9. Defendant AmSher Collection Services Inc., maintains its principal place of business at 4524 S. Lake Parkway, Suite 15, Hoover, Alabama 35244.

10. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) and (7).

## FACTUAL ALLEGATIONS

12. On June 26, 2020, Plaintiff called Spectrum (d/b/a Charter Communications) to cancel his internet subscription.

13. Plaintiff contacted Spectrum prior to the end of his June 2020 billing cycle to cancel further services before the July 2020 billing cycle was set to begin.

14. Specifically, Plaintiff's intent was to cancel the Spectrum internet services before the July 2020 billing cycle so he would not be obligated to pay the July 2020 bill and subsequent months that followed.

15. In the June 26, 2020, communication with Spectrum, a Spectrum representative assured Plaintiff that his account would be canceled and that he would not be billed anymore beyond the June 2020 billing cycle.[1]

16. At all times relevant, Plaintiff was responsible for the Spectrum monthly charges up to June 2020 and funds would be deducted from his bank account on the 25th of each month.

17. However, on July 6, 2020, Spectrum withdrew money, without Plaintiff's authorization, from Plaintiff's bank account.

18. In July 2020, Plaintiff contacted his bank to tell them that there was an unauthorized Spectrum charge to his account.

19. On August 7, 2020, Plaintiff's bank reversed the unauthorized Spectrum charge and refunded the withdrawn amount to Plaintiff's account following their investigation.

20. Subsequently thereafter, in August 2020, Spectrum began calling Plaintiff in an attempt to collect on the July 2020 bill ("alleged debt").

21. Spectrum insisted that he owes the July bill and continued to demand payment in calls to Plaintiff's cellular phone.

22. Plaintiff denied Spectrum's demands that he was past due for the July 2020 bill as he canceled his account prior to the July billing cycle, on June 26, 2020.

23. In February 2021, Plaintiff began receiving collection calls to his cellular phone number (210) XXX-4412 from Defendant attempting to collect on the alleged debt from Spectrum.

24. At all relevant times, Plaintiff is the sole subscriber, owner, possessor, and operator of the cellular phone number ending in 4412.

---

[1] Spectrum is a contract-free provider, there are no cancellation fees or early termination fees to worry about. Internet service is on a month-to-month basis, and if you decide you want to try another internet service provider, all you need to do is cancel Spectrum Internet.

25. Plaintiff was perplexed as to why Defendant was calling him because the alleged debt Defendant was attempting to collect was not owed by him due to his June 2020 cancelation.

26. Plaintiff explained to Defendant that he canceled his subscription with Spectrum and does not owe the debt they are attempting to collect on.

27. Plaintiff also expressed to Defendant that these calls are unwelcomed and that he would no longer like to receive calls to his cellular phone.

28. Sometime thereafter, Plaintiff's wife also began receiving calls to her cellular phone from Defendant.

29. Upon answering the collection call, Plaintiff's wife discovered that Defendant was contacting her in regards to the alleged debt.

30. After the calls to Plaintiff's wife began, Plaintiff received another call from Defendant where he *again* stated that he does not owe the alleged debt they are collecting on and to stop calling him and his wife.

31. On August 8, 2021, Plaintiff received *another* call from Defendant. Plaintiff reemphasized that he does not owe the alleged debt Defendant is attempting to collect on and that he does not want to receive any more calls to his cellular phone.

32. Despite knowing that Plaintiff did not want to receive any further collection calls, Defendant continued to call Plaintiff at an unnecessary and harassing rate.

33. Defendant has used numerous phone numbers to place collection calls to Plaintiff's phone number, including but not limited to (877) 606-1350.

34. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

35. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

36. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

37. Upon information and belief, Defendant placed its calls to Plaintiff's cellular phone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the credit collection industry to collect defaulted debts.

38. Notwithstanding Plaintiff's multiple requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls from February 2021 through the present day in an attempt to collect on an alleged debt not owed by Plaintiff without his prior consent.

## DAMAGES

39. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

40. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

41. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

42. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls,

aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

43. In addition, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

44. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

47. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of defaulted debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

48. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

49. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

50. Defendant used the phone to attempt to collect the alleged debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

51. Defendant's phone communications to Plaintiff and his wife were made in connection with the collection of the alleged debt.

52. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(2), e(10), f, and f(1) through its unlawful debt collection practices on a debt that was not owed.

### a. Violations of FDCPA § 1692c

53. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop and that he was not responsible for the alleged amount Defendant was attempting to contact as he canceled his account with Spectrum in June 2020. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him and that he was not the owner of the debt, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that he did not legally owe.

54. Moreover, Defendant was notified by Plaintiff that he is not responsible for the alleged debt as he canceled his subscription with Spectrum and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to Plaintiff.

### b. Violations of FDCPA § 1692d

55. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular seeking immediate payment on a debt that he was not responsible for. Moreover, Defendant continued placing the calls after Plaintiff put Defendant on notice that he did not owe the alleged debt and demanded that the calls cease.

56. Defendant violated §1692d(5) by causing Plaintiff's cellular to ring repeatedly in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff.

57.     Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

58.     Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wanted to be contacted on his cellular phone.

### c. Violations of FDCPA § 1692e

59.     Defendant violated §1692e, e(2), and e(10) when it used false, misleading, and deceptive means to collect and/or attempt to collect the alleged debt from Plaintiff. Defendant knowingly contacted Plaintiff to collect on a debt not legally owed by him as he canceled his account with Spectrum in June 2020. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff in a deceptive attempt to force him to answer its calls and ultimately make a payment, despite the debt not being owed by Plaintiff.

60.     Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so in the first place.

### d. Violations of FDCPA § 1692f

61.     Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and requesting he make an immediate payment for a debt he does not owe. Defendant repeatedly attempted to dragoon Plaintiff into making a payment that he did not legally owe as he canceled his account with Spectrum in June 2020. These means employed by Defendant only served to worry and confuse Plaintiff.

62.     Defendant had enough information to be aware of the fact that it was calling to collect on a debt not owed by Plaintiff. Nevertheless, it persisted with its phone call campaign in contacting Plaintiff, and knew that its conduct was inconvenient and harassing.

63. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe the debt.

64. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

65. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JONATHAN TORRES, respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Enjoin Defendant from continuing to contact Plaintiff;
   c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

66. Plaintiff restates and realleges paragraphs 1 through 65 as though fully set forth herein.

67. Defendant repeatedly placed or caused to be placed frequent non-emergency phone calls, including but not limited to the phone calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

68. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

69. Defendant violated the TCPA by placing numerous phone call to Plaintiff's cellular phone between February 2021 and the present day, using an ATDS without his prior consent.

70. Any prior consent, if any, was revoked by Plaintiff's multiple revocations. Specifically, Plaintiff told Defendant's to stop calling him, revoking consent to be contacted on his cellular phone.

71. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

72. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without his consent.

73. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly or sequentially dial the number dozens of times thereafter.

74. As pled above, Plaintiff was severely harmed by Defendant's collection phone calls to his cellular phone by experiencing annoyance, harassment and aggravation.

75. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

76. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

77. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per violation. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JONATHAN TORRES, respectfully requests this Honorable Court for the following relief:

  a. Declare Defendant's text messages to Plaintiff to be a violations of the TCPA;
  b. Award Plaintiff damages of at least $500 per text message and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
  c. Awarding Plaintiff costs and reasonable attorney fees;
  d. Enjoining Defendant from further contacting Plaintiff; and
  e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

78. Plaintiff restates and realleges paragraphs 1 through 77 as though fully set forth herein.

79. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

80. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. §392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

81. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) and (7).

  a. **Violations of TDCA § 392.302**

82. The TDCA, pursuant to Tex. Fin Code Ann. § 392.302(4), states that in debt collections, a debt collector may not oppress, harass, or abuse a person by causing a telephone to

11

ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

83. Defendant violated the TDCA when it attempted to collect on an alleged debt through nonstop calls placed to Plaintiffs cellular phone, with the intent to harass Plaintiff into making a payment to an alleged debt that was never owed by him. The representatives' abusive actions of excessive calling were made in an attempt to worry and coerce Plaintiff into making immediate payment, when Plaintiff never owed the alleged debt or gave Defendant permission to call his cellular phone. Defendant intentionally attempted to oppress Plaintiff into paying an alleged debt, unknown to Plaintiff, with numerous calls that may mislead an inexperienced consumer pay the debt through sheer harassment.

84. Moreover, Defendant also began placing collection calls to Plaintiff's wife's cellular phone causing marital turbulence.

### b. Violations of TDCA § 392.304

85. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), states that a debt collector may not use "any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

86. Defendant violated the TDCA when it used deceptive means to collect and/or attempt to collect the alleged debt from Plaintiff. Defendant knowingly contacted Plaintiff seeking to collect upon a debt not owed by him. Even after being told of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff in a deceptive attempt to force him to answer its calls and ultimately make a payment, despite the debt not owed by Plaintiff. Through its conduct, Defendant's false representation to Plaintiff that it had the legal ability to collect on the alleged debt when it never had prior consent to do so is misleading and deceptive.

**Plaintiff demands trial by jury.**

Dated: August 18, 2021                                    Respectfully Submitted,

/s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 537-1770
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*